JS - 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 10-09920 MMM (VBKx) | Date | May 26, 2011 |

| | |
|---|---|
| Title | *Cooley v. Transunion Corp.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **Order Denying *Ex Parte* Application [22] and Dismissing Action**

On April 20, 2011, the court granted defendant Trans Union Corporation's motion to dismiss *pro se* plaintiff Nathan Cooley's complaint, and denied his motion to remand the action to Los Angeles Superior Court.[1]  The court's order dismissed plaintiff's Federal Credit Reporting Act and

---

[1]Order Granting Motion to Dismiss; Denying Motion to Remand ("Order"), Docket No. 18 (Apr. 20, 2011).  The court denied plaintiff's motion to remand because the complaint states a federal claim on its face; specifically, it alleges that Trans Union "violat[ed the] Federal Credit Reporting Act . . . and Fair Debt Collection Practices[s] Act."  (Order at 6.)  On May 19, 2011, plaintiff filed an *ex parte* application for reconsideration of the court's denial of his motion to remand.  (*Ex Parte* Application for Reconsideration, Docket No. 22 (May 19, 2011).)  Plaintiff asserts, as he did in the original motion, that Trans Union has failed to show that he asserts a claim under federal law. Plaintiff asks the court to impose sanctions of $10,000 against Trans Union for its improper removal of the action.  As noted in the court's order denying plaintiff's motion to remand, because Cooley's complaint alleges federal claims, removal was proper under the "well-pleaded complaint" rule.  See *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  Consequently, plaintiff's *ex parte* application is denied.

Fair Debt Collection Practices Act claims with leave to amend, and declined to exercise supplemental jurisdiction over plaintiff's state law claims for defamation, fraud, negligence, and intentional and negligent misrepresentation.[2]  The court directed plaintiff to file an amended complaint within twenty days of the court's order.  To date, plaintiff has not filed an amended complaint.  Consequently, the court dismisses plaintiff's complaint with prejudice.

## I.  DISCUSSION

Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order.  See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . .  It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

Where, as here, a plaintiff whose complaint has been dismissed with leave to amend takes no action, the Ninth Circuit has held that the appropriate response is the sanction of a Rule 41(b) dismissal.  See, e.g., *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket.  The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. . . .  Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*.  When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment" (citations omitted)); see also, e.g., *Grubb v. Hernandez*, No. ED CV 06-00807 SJO (AJW), 2009 WL 1357411, *4 (C.D. Cal. May 1, 2009) ("Plaintiff has not clearly made and communicated an affirmative choice to stand on his dismissed complaint and forgo amendment.  Therefore, under the reasoning of *Edwards*, dismissal of this action with prejudice under Rule 41(b) is appropriate").

Involuntary dismissal with prejudice is appropriate when a majority of the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*, 963 F.2d at 1260–61.  Here, these factors weigh

---

[2]Order at 14.

in favor of dismissal with prejudice.

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted).  As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642.  Although the court provided plaintiff – who is proceeding *pro se* – with notice of the standards governing motions to dismiss and of his obligation to respond to defendant's motion,[3] plaintiff failed to file an opposition.  Subsequently, he failed to file an amended complaint by the deadline set forth in the court's order.  Plaintiff's inattention to this action, and his non-responsive behavior indicates that he does not intend to prosecute the action and that its continued presence on the court's docket will waste valuable resources.  Thus, the second *Pagtalunan* factor also weighs in favor of dismissal of plaintiff's complaint with prejudice.

The third *Pagtalunan* factor considers whether "plaintiff's actions [have] impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.*  Courts have explained that "the risk of prejudice to the defendant is related to the plaintiff's reason in defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991.  A plaintiff's failure to provide an excuse for failure to amend is sufficient to establish prejudice.  See, e.g., *Foster v. Jacquez*, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).  As noted, plaintiff has offered no reason or explanation for his failure to amend.  As a result, his inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives, is neutral.  On the one hand, the Ninth Circuit has explained that "dismissing [a] complaint with leave to amend [is] not a sanction in response to [p]laintiffs' failure to obey a court order. . . .  Therefore, the district court's granting [p]laintiffs leave to amend [is] not a lesser sanction because they [have] not yet disobeyed the court's order." *Yourish*, 191 F.3d at 992; but see, e.g., *Grubb*, 2009 WL 1357411 at *2 ("Plaintiff was given additional time to file a procedurally proper amended complaint after his second amended complaint was stricken, and he was warned that his failure to do so could lead to dismissal.  This action cannot proceed without a complaint on file").  On the other hand, plaintiff's failure to amend in accordance with the court's order granting the motion with leave to amend indicates that there are no less drastic alternatives that are realistically available.

_____

[3]Minute Order Providing Notice to Pro Se Plaintiff of Standard Governing Motions to Dismiss, Docket No. 5 (Feb. 16, 2011).

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." *Id.*

In spite of the fourth factor's neutrality and the fact that the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal with prejudice in this case.

## II.   CONCLUSION

For the reasons stated, plaintiff's complaint is dismissed with prejudice.  Each party shall bear his or its own costs and attorneys' fees.

---